UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ROSA GUAMAN,

              Plaintiff,

-against-

J&C TOP FASHION, INC. and TOMMY WONG,

             Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

14 Civ. 8143 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Rosa Guaman ("Plaintiff") brought this action against defendants J&C Top Fashion, Inc. and Tommy Wong (collectively "Defendants"). (*See* Compl., ECF No. 1.) Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*, provisions for minimum and overtime wages. (Compl., ECF No. 1.).

    This Court entered default judgment for Plaintiff against Defendants. (June 3, 2015 Order, ECF No. 19.) This Court referred the case to Magistrate Judge Gabriel W. Gorenstein for an inquest on damages, (*id.*), which Magistrate Judge Gorenstein conducted based on Plaintiffs' submissions.[1] (ECF Nos. 22, 23.)

    Before this Court is Magistrate Judge Gorenstein's Amended Report and Recommendation ("Report," ECF No. 28), recommending that Plaintiff be awarded judgment against Defendants, jointly and severally, in the amount of $67,271.65. (Report at 22.)

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (internal citations and quotation marks omitted)).

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 22-23); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no objection to the Report has been filed.

This Court is satisfied that the Report contains no clear error of law and adopts the Report in full.

## II. PLAINTIFF'S FLSA AND NYLL CLAIMS

When a defendant defaults, the district court accepts as true the well-pleaded allegations in the Complaint on issues other than damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted). A plaintiff seeking to recover damages against a defaulting defendant must prove her damages by submitting admissible evidence. *See U.S. Commodity Futures Trading Comm'n v. 4X Sols., Inc.*, 13-CV-2287, 2015 WL 9943241, at *2 (S.D.N.Y. Dec. 28, 2015) (citing *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003).

### A. Defendants Were Plaintiff's Employers under the FLSA and NYLL

The Report properly found that under the FLSA, (Report at 4-5 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (internal citations omitted)), and the NYLL (*id.* at 5 (citing, *inter alia*, *Garcia v. JonJon Deli Grocery Corp.*, 2015 WL 4940107, at *3-4 (S.D.N.Y. Aug. 11, 2015)), Defendants J&C Top Fashion and Wong, J&C's president and/or owner, held sufficient control over Plaintiff to be considered her employers during the time period in question. (*Id.* at 6.)

Magistrate Judge Gorenstein recommended that Plaintiff, who worked as sales assistant and shopkeeper's assistant from February 2007 to September 2014, often for more than forty hours each week and more than ten hours each day, (*id.* at 3), be awarded $34,957.17 for actual willful violations of the overtime wage and paystub provisions required by the NYLL and FLSA plus $37,457.17 in liquidated damages, for the 309-week period within the relevant statute of limitations (October 9, 2008 to October 9, 2011 under NYLL and October 10, 2011 to September 13, 2014 under the FLSA). (*See id.* at 4, 6, 9, 12.)

Given Plaintiff's successful NYLL and FLSA claims, the Report properly recommended an award of reasonable attorney's fees (33.71 hours) and certain costs. (Report at 14.)

The total amount of Plaintiff's award is calculated as follows:

| | |
|---|---|
| Award for overtime wage violations (at a rate of $8.38/hour) | $34,957.17 |
| Statutory damages for failure to provide pay stubs | $2,500.00 |
| Liquidated damages (unpaid overtime + statutory damages) | $23,927.00 |
| Attorney's fees and costs | $5,887.48 |
| Total award for Plaintiff | $67,271.65 |

As Plaintiff did not provide any clear evidence that she was paid only the applicable minimum wage during this period, the Report properly found she is not entitled to an award for "spread of hours" pay. (*See* Report, at 11.)

3

## IX. CONCLUSION

This Court adopts the Report in its entirety. Judgment therefore is entered against Defendants for a total of $67,271.65 as the sum of the following amounts:

1. $61,384.17 to Plaintiff Guaman; and,
2. Attorney's fees in the amount of $5,887.48 plus $125.23 in litigation costs expended by Plaintiff's counsel.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated: New York, New York
       January 10, 2017

JAN 1 1 2017

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4